No. 5050.

SUCCESSION OF HARRIET L. VAUGHN, on opposition to a rule to sell property to pay debts.

In the succession of Harriet L. Vaughn, the proceeding instituted by Mrs. Gilbert for the sale of property of the succession, by virtue of a judgment rendered in the Fifth District Court against said succession, is opposed by the heirs of the deceased on the ground that the judgment is absolutely null and void.

The district court having acted within its jurisdiction, the judgment rendered in favor of Mrs. Gilbert, whether sufficient proof was administered or not, was not an absolute nullity. The amount involved in that judgment is beyond the jurisdiction of the parish court; and the correctness of the demand upon which it is based, or the question of the sufficiency or insufficiency of the proof in support thereof, can not be adjudicated by the parish court for want of jurisdiction. Besides, a parish court can not revise the judgment of a district court.

APPEAL from the Parish Court, parish of Iberville: *Crowell*, J. *Samuel Matthews*, for Mrs. Gilbert et als., appellees. *A. & E. B. Talbot*, *R. N. Sims*, for the heirs of Harriet L. Vaughn, appellants.

WYLY, J. Widow Marie E. Gilbert, as surviving widow of Wade H. Gilbert and as natural tutrix, instituted proceedings in the parish court against the executor of Harriet L. Vaughn, deceased, under articles 990, 991, 992, C. P., to compel the sale of property sufficient to pay her judgment for $19,923 56 against said succession.

· The testamentary heirs of George C. Vaughn, one of the heirs of Mrs. Harriet Vaughn, opposed the proceeding instituted by Mrs. Gilbert for the sale of property, on the ground that her judgment rendered in the Fifth District Court against the succession of Mrs. Vaughn for $19,923 56 is absolutely null and void; that it was rendered upon the confession of Paul O. Hebert, executor of said estate, without proof to establish the claim; that it was for services pretended to have been performed by the husband of Widow Marie E. Gilbert, as overseer on the plantation of said estate; that if said services were rendered, the executor had no authority to contract for them, as they were in no manner necessary or beneficial to the succession.

This opposition was dismissed on the exception that the parish court was without authority to revise and decree the nullity of a judgment for $19,923 56, rendered by the Fifth District Court of the parish of Iberville, because the amount involved in said judgment was far beyond the jurisdiction of the parish court. The opponents have appealed.

The district court had jurisdiction, and whether sufficient proof was administered or not, the judgment it rendered in favor of Widow Gilbert was not an absolute nullity. The amount involved in that judgment is beyond the jurisdiction of the parish court, and the correctness of the demand upon which it is based, or the question of the sufficiency or insufficiency of the proof in support thereof, can not be adjudicated by the parish court for want of jurisdiction. Besides, a parish court can not revise a judgment of the district court.

It is therefore ordered that the judgment dismissing the opposition be affirmed with costs.